1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ARRIAGA, | CASE NO. 07-CV-1614 H (WMC) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On October 24, 2008, the government filed a motion to dismiss Plaintiff's complaint. (Doc. No. 17.) Plaintiff filed his opposition to the motion on November 18, 2008. (Doc. No. 20.) On November 21, 2008, the government filed its reply in support of the motion to dismiss. (Doc. No. 21.) Subsequently, the Court ordered additional briefing on the issue of equitable tolling in light of an identical state action filed by the Plaintiff. (Doc. No. 24.) On December 10, 2008, the government filed its briefing on this issue. (Doc. No. 25.) Plaintiff filed his response on December 17, 2008 (Doc. No. 26.) After due consideration, the Court grants the government's motion and dismisses Plaintiff's complaint without prejudice.

## Factual and Procedural Background

In August 2005, Plaintiff alleges that he was operating his vehicle in Calexico, California when U.S. Border Patrol agent Scott M. Templin negligently caused his service vehicle to collide with Plaintiff's. (Compl. ¶ 8.) Plaintiff alleges injuries and damages related to this incident.

07cv1614

On or about January 26, 2006, Plaintiff, through counsel, filed an administrative claim for his injuries.  (Johnson Decl. ISO Mot. to Dismiss ["Johnson Decl."] Ex. 1.)  On or about August 22, 2006, U.S. Customs and Border Protection denied Plaintiff's administrative claim and sent Plaintiff's counsel a letter to that effect.  (Johnson Decl. Ex. 2.)  The letter stated that, if Plaintiff was dissatisfied with the denial, he could "file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification."  (Id.)

Six months later, on February 22, 2007, Plaintiff filed a complaint against the U.S. Border Patrol and Scott M. Templin in the Superior Court of California for the County of Imperial.  (Azizi Decl. in Opp. to Mot. to Dismiss ["Azizi Decl."] Ex. 2.)

After the state action was dismissed, Plaintiff began this litigation by filing a district court complaint on August 14, 2007.  (Doc. No. 1.)  On October 24, 2008, the government filed a notice of substitution pursuant to 28 U.S.C. § 2679(d)(1) along with the Attorney General's certification that Scott Templin was acting in the scope of his federal employment at the time of the collision.  (Doc. No. 18.)  The government simultaneously filed a motion to dismiss on the grounds that the statute of limitations barred Plaintiff's claim.  (Doc. No. 17.)  Plaintiff argued against a strict interpretation of the statute of limitations and on November 26, 2008, submitted a declaration indicating that the state action had been reopened.  (Doc. No. 23.)

## Discussion

The doctrine of sovereign immunity shields the federal government and its agencies from suit, absent a waiver of that immunity.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et al., waives the government's sovereign immunity under circumstances where the United States, if a private person, would be liable.  United States v. Olson, 546 U.S. 43, 45-46 (2005).  Plaintiff's complaint against the government for negligence necessarily depends on the FTCA's waiver of sovereign immunity.

The FTCA provides that a "tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  See

07cv1614

1  also, Graham v. United States, 96 F.3d 446, 447 (9th Cir. 1996) ("Any district court action

2  must be filed within certain time constraints keyed to the date the agency disposes of the

3  claim.").

4        Recently, the Ninth Circuit has stated unequivocally that equitable tolling does not

5  apply to the FTCA's statute of limitations. Marley v. United States, __ F.3d __, 2008 WL

6  5120753 at *6 (9th Cir. Dec. 8, 2008). In Marley, the court relied on the Supreme Court's

7  instruction that "when Congress attaches conditions to legislation waiving sovereign immunity

8  of the United States, those conditions must be strictly observed." Id. at *3 (quoting Block v.

9  North Dakota ex re. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983)). The court

10  concluded that the statute of limitations in § 2401(b) is a jurisdictional requirement. Id. at *6.

11  This holding was consistent with prior precedent. See, e.g., Goodman v. United States, 298

12  F.3d 1048, 1053 (9th Cir. 2002) ("A district court does not have jurisdiction to hear a tort claim

13  against the United States unless the claimant files a complaint in federal court within six

14  months after a final agency decision."). Because timeliness under § 2401(b) determines

15  subject matter jurisdiction, the Court may consider affidavits and other evidence properly

16  before it. Sommatino v. United States, 255 F.3d 704, 709 n.3 (9th Cir. 2001).

17        In this case, the agency rendered a final decision on Plaintiff's claim on or about August

18  22, 2006. (Johnson Decl. Ex. 2.) Plaintiff did not file a claim in federal court until August 14,

19  2007, nearly one year later. Because Plaintiff did not file in federal court within six months

20  after the agency decision, the Court concludes that it is without jurisdiction to hear the claim.

21  The statute of limitations cannot be equitably tolled to preserve this action.

22        Nonetheless, even if equitable tolling were applicable, it would not be available to the

23  Plaintiff on these facts. Plaintiff points out that the government did not certify that Templin

24  was acting within the scope of his employment until October 2008. However, the Ninth

25  Circuit has held that, under § 2401(b), the statute of limitations period begins when the

26  Plaintiff knows the fact of the injury and its immediate cause. Henley v. United States, 531

27  F.3d 1052, 1057 (9th Cir. 2008). The Henley court reversed a district court's holding that a

28  claim against the government did not accrue until the Plaintiff knew or should have known that

1    the negligent individual was acting in the scope of federal employment.  Id.  It is well

2    established in this circuit that "ignorance of the involvement of United State employees is

3    irrelevant" to the timeliness of a claim under the FTCA.  Dyniewicz v. United States, 742 F.2d

4    484, 487 (9th Cir. 1984).

5         Plaintiff relies on Staple v. United States, 740 F.2d 766 (9th Cir. 1984) to support his

6    argument that the timeliness of this suit should be assessed from the date he filed his state court

7    action.  Staple involved an FTCA case that was filed in state court before the § 2401(b)

8    deadline but removed to federal court after the deadline.  The Ninth Circuit reversed the district

9    court's dismissal for lack of subject matter jurisdiction, holding that, under those

10   circumstances, the timeliness of the claim turns on the date of filing, not the date of removal.

11   Id. at 769-70.  Therefore, assuming Staple does not conflict with recent precedent, if Plaintiff's

12   state court action were removed to federal court, its timeliness would be determined based on

13   the filing date of the state litigation.  However, this case was not removed from state court.

14   On its face, the Staple opinion applies to only removed actions.  Id. at 769.  In light of the

15   Supreme Court's admonition that conditions like § 2401(b) must be strictly observed, and the

16   Ninth Circuit's holdings that § 2401(b) is a jurisdictional requirement, this Court declines to

17   extend the Staple holding to these facts.  Plaintiff's action is untimely under 28 U.S.C.

18   § 2401(b) and must be dismissed for lack of subject matter jurisdiction.

### Conclusion

20        Because the Court lacks subject matter jurisdiction over this action, the Court grants

21   Defendant's motion and dismisses Plaintiff's complaint without prejudice.

22   IT IS SO ORDERED.

23   DATED: December 29, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

07cv1614